JUDSON HAYS v. THE STATE.

No. 3428. Decided February 10, 1915.

**1.—Perjury—Indictment—Immaterial Allegations.**

Where, upon trial of perjury, the allegations contained in the indictment were that defendant's memory was treacherous and that he failed to remember the transaction about which inquiry was made of him as a witness, the motion to quash the indictment because the matters and things set out were not material should have been sustained.

**2.—Same—Insufficiency of Evidence.**

Where, upon trial of perjury, the evidence did not prove the case as alleged in the indictment by two credible witnesses or one credible witness with strong corroborative circumstances, the conviction could not be sustained.

**3.—Same—Circumstantial Evidence—Charge of Court.**

.Where, upon trial of perjury, the issue of circumstantial evidence was raised, the court should have submitted a charge thereon.

**4.—Same—Wilfully and Deliberately.**

Upon trial of perjury, the court should define the words "wilfully and deliberately." Following Windon v. State, 56 Texas Crim. Rep., 198.

Appeal from the District Court of Titus. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rolston & Rolston* and *T. C. Hutchings,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, his punishment being assessed at two years confinement in the penitentiary.

The indictment alleges that it was a material question and inquiry in a case tried in the District Court where Thompson was defendant and the State plaintiff, to know whether Thompson sold and delivered a pint of whisky to appellant, and whether appellant paid Thompson a dollar for it. There are several matters set out of the same nature, all looking to the supposed transaction between appellant and Thompson wherein it was sought to prove appellant had bought whisky from Thompson. After stating the above it is alleged appellant was sworn as a witness and testified he "did not remember whether or not" he bought a pint of whisky from Thompson on the 3rd of May, 1913, and he "did not remember whether or not" Thompson delivered to him a pint of whisky at that date, and that he "did not remember whether or not" he paid Thompson a dollar for the pint of whisky, and he "did not remember whether or not" Thompson sold and delivered to him a pint of whisky at another date, and that he "did not remember whether or not" he, appellant, paid Thompson a dollar for that pint of whisky. Without repeating more of it this is the substance of the alleged testimony. The traverse is, in substance, as follows: that said statements so made by the said Judson Hays were then and there material to the issue in said cause whereas in truth and in fact he, the said Judson Hays, "did remember whether or not" Thompson sold and delivered to him two pints of whisky, one on the 3rd of May and the other on last Saturday in April, and that he paid Thompson a dollar in each instance for the whisky.

Motion was made to quash the indictment because the matters and things set out were not material. We think this contention should have been sustained. It was not material under the allegations contained in the indictment, that appellant's memory was treacherous, or that he failed to remember the transactions about which inquiry was made of

him as a witness. Under appropriate allegations testimony of this sort might become material and the subject of perjury. If the witness knew of the transaction about which he was testifying and refused to state the facts on the ground that he did not remember, when as a matter of fact he did remember, his testimony might be materially false. If the witness should answer truthfully to criminative facts, then it might become material. We are of the opinion, therefore, as alleged in the indictment, the matters stated were not material.

It is contended also that the evidence is not sufficient. The facts show that on the trial of Thompson, who was charged with pursuing the occupation of selling intoxicating liquors in Titus County without a license, appellant was used as a witness. The indictment against Thompson charged appellant bought whisky from Thompson on two occasions. Appellant was sworn as a witness in the Thompson case, and when asked about the transactions said he did not remember whether he bought the whisky or not, or whether Thompson sold him the whisky or not. There seems to have been no question of the fact that he so testified. Each witness was asked in regard to appellant's testimony, and his manner and demeanor on the stand, and each witness stated he did not know whether or not appellant remembered anything about the transaction. Each witness testified he knew nothing about it, but heard appellant testify; that he did not remember whether or not he bought whisky from Thompson or that Thompson sold whisky to him. They confronted appellant on that trial, which testimony is also in this record, that he testified before the justice of the peace, in substance, that he did buy whisky from Thompson; but when confronted with that in the Thompson trial he said he did not remember whether he bought whisky from Thompson or not, that he was drunk at the time he testified before the justice of the peace. There is some evidence also to the effect that on the trial of Thompson appellant's manner was of such a nature as to show he was irrational or drunk, that there was something unusual about him. This is, in substance, the case on the facts. We are of the opinion this testimony does not prove the case as alleged in the indictment. Perjury must be proved by two credible witnesses, or one credible witness with strong corroborative circumstances. The testimony is uncontroverted that he stated before the jury in the Thompson trial that he did not remember whether or not he bought whisky from Thompson. No witness here testifies that appellant did remember anything about it, and the main circumstance, if that be a circumstance, was the production of the testimony in this case that was used as impeaching testimony in the Thompson trial, to the effect that before the justice of the peace appellant stated he bought whisky from Thompson. Appellant did not plead guilty in this trial, but, on the contrary, he plead not guilty. If the testimony of appellant before the justice of the peace can be treated as testimony at all, it would be simply as a circumstance to show at the time he testified before the justice of the peace, that he stated he had bought whisky from Thompson. It could

only be a circumstance to show, if admissible for any purpose, that on the Thompson trial he ought to have recollected it, but it is not proof of the fact that he did; it is but a circumstance. It could not be used to convict Thompson, because it was only impeaching testimony of a State's witness supposedly introduced on the theory that the State was surprised at appellant's testimony in the Thompson trial. So we are of the opinion the testimony is not sufficient; that it does not meet the requirements of the statute.

The charge was criticised because of its failure to charge on circumstantial evidence. We have stated enough of the case already to show this exception was well taken. The fact that appellant stated before the justice of the peace that he had bought whisky from Thompson and that Thompson had sold whisky to him, was but a circumstance, if admissible at all, to show on the trial of his perjury case that he might have recollected on the Thompson trial what he testified before the justice of the peace, and there is nothing in the record to show that he remembered it, and there is nothing in the record to show that Thompson ever sold any whisky to appellant, except that statement of appellant before the justice of the peace. A charge on circumstantial evidence should have been given.

Another error is assigned on the failure of the court to define the words "wilfully and deliberately." This was called to the attention of the court properly, and upon another trial those terms should be explained, and especially in view of this record. See Windon v. State, 56 Texas Crim. Rep., 198.

The judgment is reversed, and in the judgment of the writer the prosecution ought to be dismissed.

*Reversed and dismissed.*