### CARLOS CUELLAR v. THE STATE.

No. 17836. Delivered January 15, 1936.

The opinion states the case.

*Robert M. Lyles,* of Conroe, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for perjury; punishment, two years in the penitentiary.

It was charged in the indictment that appellant swore under oath that he did not tell one Bochat three certain things fully set out in the indictment and referred to in the charge of the court. It was alleged that when appellant testified that he did not tell Bochat these things, he committed perjury.

It is demanded in Art. 723, C. C. P., as a necessary predicate to a conviction for perjury, that the falsity of the alleged perjured statement be established by two credible witnesses, or one credible witness strongly corroborated by other testimony. Applied here, this means that the State must have proved by two credible witnesses, or one such,—strongly corroborated, that appellant told or admitted to Bochat that he, appellant, broke the lock of the barn door on the Reyes place; or that he told Bochat that he, appellant, and his brother Domingo and one Reyes loaded hay from said barn onto a truck and delivered it to some person; or that certain hay found at John Long's place was the hay taken from the barn on the Reyes place.

Examining the statement of facts, we find that the State proved that appellant, when on trial for burglary, denied under oath that he made said statements or any of them to Bochat; also that the State proved by Bochat on this trial that appellant did make to him all of the alleged false statements. We are unable to find in the record any testimony, other than that of Bochat, which in any way supports the conclusion that appellant did so make said statements to Bochat. Judge Montague testified that he swore appellant as a witness when he was tried for burglary. Mrs. Sutherland, the court reporter, testified that appellant then gave the testimony alleged to be false. That is, that he did not tell Bochat as the latter claimed. Bochat testified that appellant had made to him each of the statements alleged to have been falsely made by appellant. Gonzales swore that his barn on the Reyes place was burglarized and hay stolen, and that he saw a truck track near the barn made by Manuel Cuellar's truck; also that he found said hay at Long's place. Mr. Long testified that he bought certain hay from appellant, Luciano Reyes and Domingo Cuellar; also that later Bochat and appellant came to see witness. He said he and Bochat talked, but he declined to say that he heard any conversation between Bochat and appellant, or that they had any

conversation between themselves. Mr. Long testified to statements of Bochat to him, in effect, that appellant and the others stole the hay; also that Bochat told witness that appellant told him about stealing the hay,—but, as we understand the law, this cannot be taken as any testimony corroborative of the witness Bochat's claim that appellant made the alleged false statement to him. This would be letting Bochat corroborate himself.

Being unable to bring ourselves to believe that there is in the case that amount of proof demanded by the statute above referred to in that no one testified to the falsity of appellant's alleged perjured statements save the witness Bochat, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*