BEE REESE V. THE STATE.

No. 21058. Delivered May 15, 1940.
On Rehearing June 26, 1940.

The opinion states the case.

*Oscar Callaway*, of Comanche, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the District Court of Comanche County on a charge of perjury. The penalty is two years in the State penitentiary.

The indictment returned in the case is fatally defective in that it does not conclude, "against the peace and dignity of the State," as required by statute.

The case is reversed and the prosecution ordered dismissed.

### ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

At a former day of this term of court we reversed the judgment of conviction and ordered the prosecution dismissed on the ground that a material and essential averment was omitted from the indictment. This appears to have been an error on the part of the clerk on copying the indictment in the record. The State has filed a motion for a rehearing and has brought forward a certified copy of the indictment which appears to be in

due and proper form. Therefore, we will discuss the appellant's contention that the evidence is insufficient to sustain his conviction.

Appellant was charged with and convicted of perjury alleged to have been committed in the trial of the case of the State of Texas v. Richmond Griffith in Cause No. 7958 pending in the District Court of Comanche County wherein Richmond Griffith was charged with the theft of turkeys from Monroe Elliott. It was further averred that upon the trial of said cause the appellant testified that he and Richmond Griffith had gotten two turkeys from his (appellant's) father, Noah Reese, whereas in truth and in fact the said Richmond Griffith had on the 12th day of November, 1937, unlawfully taken two turkeys from Monroe Elliott and the said Richmond Griffith and Bee Reese did not get two turkeys from Noah Reese as testified to by the said Bee Reese.

For a better understanding of the conclusion at which we have arrived in this case we will briefly set forth the salient facts proved by the State upon the trial. The court reporter who reported the case of the State of Texas v. Richmond Griffith testified that appellant, on the trial of said cause, testified that he and Richmond Griffith got two turkeys from his father, Noah Reese, and sold them to Ray McDonald. Monroe Eliott testified on behalf of the State that on the night of November 12, 1937, he lost two turkeys from their roost. One was white and the other was black. The next morning he discovered two foot-prints about the roost, and he noticed some mud or dirt on the tree indicating that some one had climbed up the tree in which the turkeys roosted. He never saw the two turkeys again. McDonald testified that the appellant sold to him two turkeys about ten or twelve days before Thanksgiving in the year 1937; that one of them was white and the other was black or bronze. Richmond Griffith testified that he was tried for the theft of turkeys from Monroe Elliott. He denied going to Noah Reese's place on November 12, 1937, or at any other time, to get any turkeys. He testified that L. D. Vaughn, Bee Reese and he (witness) were together about the time in question; that they got together about six or seven miles from Comanche and came to town; that he and Vaughn went out six or seven miles and got two turkeys which they turned over to appellant to sell; that they had an agreement among themselves to divide the money in three parts; that appellant told them where to get the turkeys; that he did not remember the kind or color of the turkeys which they stole.

The foregoing is in substance the material facts proved by the State.

Appellant takes the position that while it may be true that Richmond Griffith and Vaughn stole some turkeys from Elliott as testified to by Griffith, yet he contends that there is not any fact or circumstance independent of the testimony of Griffith to show that he (Griffith), Vaughn and appellant came to town together on the day in question or that appellant told Griffith and Vaughn where to go to steal the turkeys; nor that he (appellant) had directed them to go to the Elliott place to get any turkeys or that appellant had agreed with them to divide the money among themselves.

Article 723, C. C. P. provides as follows: "In trials for perjury or false swearing, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath, or upon his own confession in open court."

The material fact to be established by the testimony of two credible witnesses or one credible witness corroborated strongly by other evidence as to the falsity of the alleged false testimony, was that appellant and Griffith did not get two turkeys from Noah Reese at the time in question, as charged in the indictment. It is true that Griffith testified that they did not get any turkeys from Noah Reese but this is not sufficient. The law requires more than the testimony of one witness. It requires the testimony of two credible persons or the testimony of one strongly corroborated by other evidence. We have searched the record in vain for any other fact or circumstance strongly corroborating Griffith on the vital and material issue in the case. Of course, there is some testimony by Elliott that he lost two turkeys about the time that Griffith said he and Vaughn stole two turkeys which they carried to Comanche and delivered to appellant, but this merely tends to corroborate Griffith as to the theft of the two turkeys and not that he and appellant did not also get two turkeys from Noah Reese. In support of the views herein expressed we refer to the following authorities: Hernandez v. State, 18 Tex. Cr. App. 134; Cuellar v. State, 89 S. W. (2d) 784; Hays v. State, 76 Tex. Cr. R. 213.

Having reached the conclusion that the evidence does not meet the requirements of the law, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.