Herbert Clifton SHEELEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 50682.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

On Rehearing Nov. 26, 1975.

Rehearing Denied Dec. 17, 1975.

Robert G. Dohoney, Hillsboro, for appellant.

Frank B. McGregor, Dist. Atty., Hillsboro, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. The punishment, which was enhanced pursuant to Sec. 12.42(c), V.T.C.A. Penal Code, was assessed by the jury at ninety-nine (99) years. This appeal followed.

Appellant contends that the indictment is fatally defective because it does not conclude with the phrase "Against the peace and dignity of the State." An examination of the indictment reveals that appellant is correct, the concluding phrase being absent.

Art. 5, Sec. 12, Vernon's Ann.Texas Constitution, provides in part:

"All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.'"

Art. 21.02, Vernon's Ann.C.C.P., provides that an indictment must conclude with the phrase "Against the peace and dignity of the State." Under an unbroken line of authorities it has long been held that the omission of this concluding phrase in an indictment renders the same fatally defective. See *Reese v. State*, 139 Tex.Cr.R. 593, 141 S.W.2d 949 (1940); *Herring v. State*, 160 Tex.Cr.R. 597, 273 S.W.2d 421 (1954); *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). See also the other authorities listed under Art. 5, Sec. 12, Note 4, Vernon's Ann. Texas Constitution, and Art. 21.02, Note 59, Vernon's Ann.C.C.P.

The indictment being fundamentally defective, the judgment is reversed and the prosecution ordered dismissed.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

Appellant was convicted of aggravated robbery; punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42(c) was assessed at ninety-nine years.

By prior opinion the conviction was reversed and prosecution ordered dismissed because the indictment omitted the concluding phrase, "against the peace and dignity of the State." The State, by motion for rehearing, urged that the copy of the indictment in the record was not a true copy and that the original indictment closed with the required language. The motion was supported by a copy of the indictment certified as true by the clerk of the trial court. We therefore directed the clerk of the court below to send us the original indictment for our inspection. Art. 40.09(15), V.A.C.C.P. We now find that the copy originally before us was not a true copy and that the original indictment did in fact conclude with the required language.

Appellant contends in his brief that the trial court erred in admitting records of a prior conviction into evidence at the punishment stage of the proceedings. When the evidence was offered the trial court inquired if appellant had any objection, to which counsel replied, "No objection, your Honor." In his brief appellant cites portions of the record prior to the admission of the complained of exhibit revealing a hearing outside the presence of the jury at which he urges proper objection was made. We hold any objection was waived or withdrawn by the subsequent explicit statement of counsel that he had no objection. Nothing is preserved for review.

The State's motion for rehearing is granted; the reversal of the conviction is set aside and the judgment is affirmed.

DOUGLAS, J., not participating.