**Stanley Tyrone NORTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 58515.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 12, 1979.

Walter J. Pink, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas O'Brien, Susan W. Crump and Jim Moseley, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at 99 years.

We are met at the outset with a defect in the record that requires this appeal be abated. Article 40.09(1), V.A.C.C.P., requires as a matter of law that the State's pleading be included in the record on appeal. In this case there is no indictment in the record although the "Order of Presentations of Indictments and Transfers" in the record states that an indictment was returned. Although there is a complaint in the record, there is no felony information and waiver of right to indictment under Art. 1.141, V.A.C.C.P. such as would dispense with the need for an indictment. If there was no indictment or valid felony information, the trial court would have been without jurisdiction and a reversal would be required. See, *Lackey v. State*, Tex.Cr.App., 574 S.W.2d 97. Because this record indicates that an indictment was returned, we abate this appeal so that a supplemental transcript containing the indictment, or the certificate of the trial court that there was no indictment, may be filed. See, *Sheeley v. State*, Tex.Cr.App., 530 S.W.2d 108.

It is so ordered.