Joe Nathan DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00688–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 7, 1992.

Robert Wicoff, Houston, for appellant.

John B. Holmes, Dist. Atty., J. Harvey Hudson, Claire Connors, Asst. Attys., for appellee.

Before O'CONNOR, DUGGAN and DUNN, JJ.

## OPINION

O'CONNOR, Justice.

A jury convicted the appellant, Joe Nathan Davis, of possession of heroin weighing less than 28 grams, found the two enhancement allegations to be true, and assessed his punishment at confinement for life. We affirm.

### 1. Point of error one

In point of error one, the appellant argues that the trial court erred "in allowing the prosecutor, over objection, to remove a judgment and sentence from a penitentiary packet and replace it with a judg-

ment and sentence which had not been attested to."

During the punishment stage of the trial, the prosecutor introduced a penitentiary packet which contained the certification page from the Texas Department of Corrections, photographs of the appellant, and the appellant's fingerprints. She told the court that she intended to remove one of the judgments and its sentence from the penitentiary packet and substitute another for it, because the conviction that led to the original judgment and sentence had been reversed. She said that on retrial, the appellant had been convicted again, and that she wanted to insert into the penitentiary packet the new judgment and sentence in place of the old.

The appellant's trial counsel objected, stating that: "It hasn't been shown that the person who was convicted after the reversal is the same person here in court today. There's no pen packet or any type of identification." The prosecutor replied that the cause number, the defendant's name, and the trial court all were the same on the two documents, which tended to indicate that the person convicted was indeed the appellant. Ultimately, the court overruled the appellant's trial counsel's objection, and the prosecutor was allowed to remove the old sentence and judgment from the penitentiary packet and replace it with the new one. The packet was marked "State's Exhibit 25A." All of this transpired outside the presence of the jury.

The State argues that the issue of removing the judgment and replacing it with another was not preserved for our review. We agree.

The prosecutor ultimately linked the appellant to five different penitentiary packets, one of which was State's Exhibit 25A. When she tendered State's Exhibit 25A for admission into evidence, the following dialogue occurred, in front of the jury:

The Court (to defense counsel): Tell me on the record which ones you object to.
Defense Counsel: Primarily State's Exhibit 27.
The Court: Very well. You do not object to 23, 24, 25, or 26, is that correct?

Defense Counsel: That's correct.
The Court: State's Exhibit 23, 24, 25, 26 will be admitted without objection.

The Court of Criminal Appeals was faced with the same fact scenario in *Sheeley v. State*, 530 S.W.2d 108 (Tex.Crim.App.1975) (op. on reh'g). In *Sheeley*, the appellant contended that the trial court had erred in admitting records of a prior conviction into evidence at the punishment stage of the proceeding. *Id.* at 109. Before the admission of the exhibit, and outside the presence of the jury, the court held a hearing on the matter at which the appellant's counsel objected to admission of the exhibit. *Id.* When the exhibit was later offered into evidence, the court inquired if the appellant's counsel had any objection, and counsel replied that he did not. *Id.* The Court of Criminal Appeals held that "any objection was waived or withdrawn by the subsequent explicit statement of counsel that he had no objection" and that "[n]othing is preserved for review." *Id.*

Applying *Sheeley* here, we hold the appellant waived the objection. We overrule the appellant's point of error one.

## 2. Ineffective assistance of counsel

In point of error two, the appellant argues that his conviction should be reversed because he was denied effective assistance of counsel when his trial counsel made a number of errors. The errors about which the appellant complains are that his counsel did not object to the following: The prosecutor's introduction of the appellant's pauper's oath, the prosecutor's introduction of the appellant's bond forfeiture, the prosecutor's argument that the appellant was a drug dealer, and the prosecutor's alteration of the penitentiary packet.

To obtain a reversal on the ground of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was so deficient that counsel was not functioning at the level of competence guaranteed by the sixth amendment, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would

have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). We presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.,* 466 U.S. at 689, 104 S.Ct. at 2065. A claim of ineffective assistance of counsel can be sustained only if it is firmly grounded in the record. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App.1981); *Shepherd v. State,* 673 S.W.2d 263, 267 (Tex.App.–Houston [1st Dist.] 1984, no pet.). The appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim. App.1984).

█ The *Strickland* test applies only to the appellant's allegation of ineffective assistance of counsel during the guilt-innocent stage of the trial, not to the punishment stage. *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App.1989); *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App. 1987). At the punishment stage, we judge counsel's effectiveness by the standard of "reasonably effective assistance." *Cruz,* 739 S.W.2d at 58. This standard requires a showing of harm due to the alleged ineffective assistance. *Stone v. State,* 751 S.W.2d 579, 582 (Tex.App.–Houston [1st Dist.] 1988, pet. ref'd).

### a. The failure to object to the pauper's oath

█ As the first argument under point of error two, the appellant argues that his counsel was ineffective when he allowed the prosecutor to introduce documents about the appellant's "pauper" status. This occurred during the guilt-innocence stage of the trial, and thus we apply the *Strickland* test.

Recall, the appellant must show (1) his counsel's performance was so deficient that counsel was not functioning at the level of competence guaranteed by the sixth amendment, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.

One of the exhibits introduced by the prosecutor was the appellant's sworn statement that he was too poor to employ counsel, and that he therefore needed a court-appointed attorney. The appellant's trial counsel made no objection to this exhibit. The prosecutor then introduced a judgment of forfeiture, which reflected that the appellant failed to appear in court on the date set for pre-trial motions, and forfeited his bond of $50,000. Counsel did not object to the introduction of this exhibit. The prosecutor also introduced the warrant issued upon the appellant's failure to appear. Again, counsel did not object. Each of these exhibits was admitted into evidence.

█ In deciding this issue, we are mindful that isolated failures to object to certain procedural mistakes or improper evidence or argument do not constitute ineffective assistance of counsel. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex.Crim.App. 1984); *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Crim.App.1977). Whether the appellant received error-free representation is not the test; that appellant's counsel made some mistakes at trial does not show ineffective assistance. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Ingham,* 679 S.W.2d at 509. *Strickland* requires us to determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

Whether the pauper's oath should have been admitted had counsel objected is debatable. If counsel's failure to object was a mistake, we are not persuaded that he was so ineffective that, in light of the total circumstances, he was outside the wide range of professionally competent assistance. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

Second, to succeed under *Strickland,* the appellant must show us there is a reasonable probability that, but for his counsel's alleged deficient performance, the result of the trial would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at

2068. The appellant has not met this burden. Even when counsel's errors qualify his performance as "deficient," where there is "overwhelming evidence of [the appellant's] guilt ... there is no reasonable probability that the result of [the appellant's] trial would have been different." *Walker*, 777 S.W.2d at 430. That is precisely the case here. The evidence of the appellant's guilt was indeed "overwhelming." The record reflects that when the officers approached the appellant, one of them clearly saw him throw a matchbox to the ground. The officer recovered the matchbox, and upon inspection it was determined that it contained 21 small bags of heroin. None of this evidence was contradicted by the defense. Even his appellate counsel concedes that the "evidence against the appellant was unambiguous and unrefuted." Thus, the appellant has failed the second prong, at the least, of the *Strickland* test on the pauper's oath issue. We overrule point of error two as it pertains to the pauper's oath.

### b. The failure to object to the bond forfeiture

█ As part of his argument under point of error two, the appellant argues that his counsel was ineffective when he failed to object to the introduction of the bond forfeiture papers. This occurred during the guilt-innocence stage of the trial, and thus we apply the *Strickland* test.

█ The forfeiture of an accused's bail bond may be proved as tending to show flight. *Cantrell v. State*, 731 S.W.2d 84, 93 (Tex.Crim.App.1987). Evidence of flight is admissible as a circumstance from which the jury may infer guilt. *Foster v. State*, 779 S.W.2d 845, 859 (Tex.Crim.App.1989). Counsel's failure to object to evidence that is admissible does not constitute ineffective assistance. *Cooper v. State*, 707 S.W.2d 686, 689 (Tex.App.–Houston [1st Dist.] 1986, pet. ref'd). We overrule point of error two as it pertains to the bond.

### c. The failure to object to the prosecutor's argument

█ As part of his argument under point of error two, the appellant argues that his counsel was ineffective when he failed to object to the prosecutor's closing argument. This occurred during the guilt-innocence stage of the trial, and thus we apply the *Strickland* test.

In closing argument, the prosecutor advised the jury that the law allowed it to infer from the evidence "that this defendant had intent to sell those drugs ..." The appellant's counsel objected, on the basis of relevance, and his objection was overruled. The prosecutor later continued in the same vein, telling the jury, "You saw how much dope Joe Nathan Davis had and it's a reasonable deduction it wasn't solely for himself.... It's a reasonable deduction he's out there selling dope." The appellant argues that his counsel's objection on the basis of relevance was the wrong objection, and that a correct objection "would likely have preserved the matter properly...."

█ A prosecutor may freely draw inferences from the evidence as long as they are reasonable, fair, legitimate, and offered in good faith. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988). The evidence showed that the appellant was arrested in a neighborhood notorious for its use as a forum for drug transactions. Just before his arrest, the appellant attempted to dispose of a matchbox which contained 21 individually wrapped bags of heroin, with a street value of $525. At the time of his arrest, he had on his person $671 in small bills. When viewed against these facts and others proved at trial, the prosecutor's inference that the appellant was a drug dealer is reasonable, fair, legitimate, and offered in good faith. Because the prosecutor's argument was permissible, any objection the appellant's trial counsel might have made should have been overruled. Clearly, the failure to object to argument that is not improper does not constitute ineffective assistance of counsel. Even the failure to object to *improper* jury argument does not ordinarily reflect ineffective assistance. *Wilson v. State*, 646 S.W.2d 472, 474 (Tex.App.–Houston [1st Dist.] 1982, no pet.) We overrule point of

error two as it pertains to the prosecutor's argument.

### d. The failure to object to the substitution of judgment

■ As part of his argument under point of error two, the appellant argues that his counsel was ineffective when he failed to object to the admission of the penitentiary packet. This occurred during the punishment stage of the trial, and thus we apply the *Duffy* test. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex.Crim.App.1980).

Because we held, in resolving point of error one, that the appellant's trial counsel waived his objection, and thus in effect did not object, we now consider whether such failure amounted to ineffective assistance. We note that ineffective assistance is not automatically established when defense counsel does an act which waives an evidentiary ground for appeal. *Ex parte Ewing*, 570 S.W.2d 941, 948 (Tex.Crim.App. 1978).

The Court of Criminal Appeals addressed similar facts in *Rico v. State*, 707 S.W.2d 549 (Tex.Crim.App.1983) (op. on reh'g). In *Rico*, at the punishment phase of trial the prosecutor introduced into evidence the appellant's seven prior convictions. *Id.* at 556. There were valid grounds to object to two of the seven prior convictions, but the objection made by counsel was inadequate and failed to preserve the issue for review. *Id.* at 554. The court wrote that:

> Even had defense counsel properly objected to the two prior convictions about which he complains on appeal and the two convictions excluded from evidence, the jury still would have had before them five prior convictions. Based upon this record, we are unable to say that there is a reasonable probability that the jury's decision as to punishment would have been any different.

*Id.* at 556.

The same reasoning and result apply here. The record demonstrates that the prosecutor linked the appellant to four other penitentiary packets besides the one at issue. We overrule point two as it pertains to the substitution of the judgment.

We overrule the appellant's point of error two.