Sparks v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-688-CR





HARVEY SPARKS, JR.,


 APPELLANT


vs.



 


THE STATE OF TEXAS,


 APPELLEE



 




FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT


NO. 4147, HONORABLE JOHN SUTTON, JUDGE PRESIDING




 





 A jury found appellant guilty of felony driving while intoxicated. See Act of May
27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat.
Ann. art. 6701l-1, since amended and codified at Tex. Penal Code Ann. §§ 49.04, 49.07). The
State proved that appellant previously had been convicted of burglary of a vehicle, as alleged in
the indictment, thus subjecting appellant to an enhanced punishment. The jury assessed his
punishment at confinement for 20 years and a fine of $2,500.

 In his first point of error, appellant contends that the district court erred by
rendering judgment on the jury verdict because the evidence was legally insufficient to support
the verdict. In his second and third points of error, appellant complains he was denied effective
assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. We will overrule
appellant's points of error and affirm the judgment of the trial court.



BACKGROUND


 On July 17, 1993, at approximately 4:53 p.m., Sergeant Keith Collum of the
Winters Police Department spotted appellant on a county road beside a broken-down Dodge
pickup truck about two miles southeast of Winters. Appellant and his wife were unsuccessfully
attempting to tow his pickup with her smaller car. Collum questioned appellant and advised him
that he was too intoxicated to drive. Two other officers, Deputy Robert Garza of the Runnels
County Sheriff's Department and Officer Kenneth Schooler of the Winters Police Department,
then arrived on the scene. Both officers agreed with Collum that appellant was too intoxicated
to drive. However, appellant was allowed to leave as a passenger in his wife's car.

 At approximately 5:30 p.m. that same day, Garza observed appellant in Winters
at the corner of Truitt and Main Streets. Appellant was drinking a beer and standing beside the
same small car observed by Garza earlier that day. Garza stopped to see if he could help with the
apparently disabled car and to tell appellant to put the beer away. Garza spoke with appellant and
concluded that he was still intoxicated. Garza did not arrest appellant at that time because his wife
was "in control" of the vehicle.

 At approximately 7:00 p.m., Schooler received a call from dispatch that a Dodge
pickup matching the description of appellant's vehicle had been reported driving recklessly in
Winters. Schooler drove by appellant's house and did not see his truck. As Schooler continued
driving west on Pierce Street, he saw appellant driving towards him. Schooler held his hand out
the window, motioning appellant to stop. Appellant ignored the signal and continued driving until
he stopped at his house on Pierce Street, two blocks away. Schooler arrived at appellant's house
and observed appellant getting out on the driver's side of the pickup truck. Due to the inclement
weather, Schooler did not administer a field sobriety test. However, Schooler testified that
appellant was intoxicated. His eyes were bloodshot, his breath smelled of alcohol, and he had to
lean against the truck for support. Schooler arrested appellant for the offense of driving while
intoxicated. 

 During voir dire, defense counsel questioned prospective jurors about whether they,
their family, or their close friends had ever been injured in alcohol-related accidents. In response,
Virginia Farmer stated that her daughter had been in a car accident involving a drunk driver
several years earlier. When defense counsel asked her if the incident would affect her ability to
make a fair decision, she answered, "No." Appellant's trial counsel did not challenge Farmer for
cause, nor did he use a peremptory challenge against Farmer. Farmer was later seated on the
jury. After hearing evidence, the jury convicted appellant of the offense of felony driving while
intoxicated.



LEGAL SUFFICIENCY


 In his first point of error, appellant contends that the State failed to prove an
essential element of the offense of driving while intoxicated: that appellant had operated a vehicle
in a public place.

 The critical inquiry on review of the legal sufficiency of the evidence to support
a criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. The court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 Officer Schooler testified upon cross-examination that he saw appellant drive the
blue Dodge pickup truck for approximately two blocks. Schooler also testified that he saw
appellant "coming east on Pierce Street." As defined by the Texas Penal Code, "public place"
includes streets. A "public place" is:



any place to which the public or a substantial group of the public has access and
includes, but is not limited to, streets, highways, and the common areas of schools,
hospitals, apartment houses, office buildings, transport facilities, and shops.


Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 1.07, 1973 Tex. Gen. Laws 883, 888 (Tex. Penal
Code Ann. § 1.07(a)(29), since renumbered as § 1.07(a)(40)) (emphasis added).

 Viewing the evidence in the light most favorable to the prosecution, a rational trier
of fact could find the essential elements of the offense beyond a reasonable doubt. Specifically,
the jury could rationally infer that appellant not only operated a vehicle while intoxicated, but that
he did so in a public place. Appellant's first point of error is overruled.



EFFECTIVE ASSISTANCE OF COUNSEL


 In his second point of error, appellant contends that counsel's failure to challenge
venire member Farmer for cause, or to exercise a peremptory strike against her, constituted
ineffective assistance of counsel. In his third point of error, appellant contends that the failure
of his trial attorney to object to the introduction of evidence of appellant's extraneous acts or
wrongs also constituted ineffective assistance of counsel.

 The United States Supreme Court set forth the standard for determining claims of
ineffective assistance under the Sixth Amendment in Strickland v. Washington, 466 U.S. 668
(1984). Texas adopted the Strickland standard in Hernandez v. State, 726 S.W.2d 53 (Tex. Crim.
App. 1986). In Strickland, the Supreme Court adopted a two-pronged analysis for claims of
ineffective assistance. Under the first prong, the defendant must show that counsel's performance
was deficient, to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Under the second prong, the defendant must show that counsel's deficient
performance prejudiced his defense so as to deprive him of a fair trial. Strickland, 466 U.S. at
687. Whether counsel was ineffective is to be judged in light of all the circumstances; thus,
"whether the appellant received error-free representation is not the test; that appellant's counsel
made some mistakes at trial does not show ineffective assistance." Davis v. State, 830 S.W.2d
762, 765 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Furthermore, a court must evaluate
the challenged conduct from counsel's perspective at the time of trial and not through hindsight. 
Strickland, 466 U.S. at 689; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991);
Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). Finally, there is a strong
presumption that counsel's conduct meets the reasonable assistance standard; thus, "the defendant
must overcome the presumption that, under the circumstances, the challenged action `might be
considered sound trial strategy.'" Strickland, 466 U.S. at 689; see also Stafford, 813 S.W.2d at
506.

 Appellant's second point of error fails under the first prong of Strickland. The
Texas Court of Criminal Appeals has held that the failure of trial counsel to challenge a venire
member who voices even a lack of impartiality does not constitute ineffective assistance under
Strickland. Jackson, 877 S.W.2d at 771; Delrio v. State, 840 S.W.2d 443, 446 (Tex. Crim. App.
1992). In the cause before us, Farmer voiced her ability to be an impartial juror, and the record
is silent as to why appellant's trial counsel did not challenge or strike her. Thus, we are unable
to conclude that appellant's trial counsel performed deficiently. "Consistently with Strickland,
we must presume that counsel is better positioned than the appellate court to judge the pragmatism
of the particular case, and that he `made all significant decisions in the exercise of reasonable
professional judgment.'" Delrio, 840 S.W.2d at 447 (quoting Strickland, 466 U.S. at 690); see
also Jackson, 877 S.W.2d at 771. Because the record of the instant cause contains no evidence
to rebut the presumption of trial counsel's exercise of reasonable professional judgment, appellant
has failed to show any ineffectiveness on the part of his trial counsel; appellant's second point of
error is overruled.

 Appellant's third point of error also fails under the first prong of Strickland. 
Appellant contends that trial counsel should have objected to the testimony of Officers Garza,
Collum, and Schooler regarding their observations of appellant before his arrest that same day as
being inadmissible evidence of appellant's extraneous acts and wrongs. However, evidence of
extraneous offenses that are indivisibly connected to the charged offense and necessary to the
State's case in proving the charged offense may be admissible as relevant evidence to explain the
context of the offense for which the defendant is on trial. Tex. R. Crim. Evid. 104(b), 404(b);
Lockhart v. State, 847 S.W.2d 568, 571 (Tex. Crim. App. 1992). See also Mayes v. State, 816
S.W.2d 79, 86-87 n.4 (Tex. Crim. App. 1991); Mann v. State, 718 S.W.2d 741, 744 (Tex. Crim.
App. 1986), cert. dism'd, 481 U.S. 1007 (1987); Albrecht v. State, 486 S.W.2d 97, 100 (Tex.
Crim. App. 1972).

 Appellant complains about the three officers who each were allowed to testify that
they saw appellant in an intoxicated state less than two hours before his arrest. The testimony
could have been admissible to place into context appellant's subsequent arrest for driving while
intoxicated. Furthermore, the testimony could have been admissible as circumstantial evidence
to prove appellant's intoxication; testimony that appellant was intoxicated and drinking a beer
ninety minutes before his arrest would tend to prove he was intoxicated when Officer Schooler
later saw him driving. Had appellant's trial counsel objected to the testimony in question, his
objection likely would have been overruled. Because appellant has not demonstrated that the
evidence was inadmissible, we cannot say that trial counsel's failure to object was an example of
deficient performance. Further, even if the evidence were inadmissible and trial counsel should
have objected, appellant has failed to show that his failure to do so prejudiced appellant's defense
under the second prong of Strickland. Appellant's third point of error is overruled.

 We affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 19, 1994

Do Not Publish