Opinion issued December 19, 2002




 



 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00859-CR




KATO JAMAL THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 867695




O P I N I O N

          Appellant, Kato Jamal Thomas, was charged by indictment with the felony
offense of possession with intent to manufacture or deliver cocaine. Appellant
pleaded not guilty, and the jury found him guilty of the lesser included offense of
possession of cocaine. The trial court assessed his punishment at 35 years’
confinement. 
          In two points of error, appellant asserts (1) the evidence was legally insufficient
to sustain the conviction and (2) he was denied effective assistance of counsel. We
affirm. Background
          On February 1, 2001, Deputy Deke Warren observed Charles Barrett commit
several traffic offenses. Appellant was a passenger in Barrett’s vehicle at the time. 
As Barrett drove into a Chevron gas station, Warren activated his emergency
equipment to initiate a traffic stop of the vehicle. Warren observed that Barrett
initially stopped, that both men looked back at him, and that Barrett then accelerated
the vehicle forward. Although Warren thought they were trying to flee, Barrett
stopped the vehicle as Warren pulled next to him and pointed a spotlight at him. 
Warren then observed appellant moving variously toward the floorboard, the corner
of the seat, and the side of the door, appearing to be removing something from his
jacket pockets and his pants. Warren approached the vehicle, instructed Barrett to
keep his hands on the steering wheel, went to the passenger’s side, and instructed
appellant to step out of the vehicle. As appellant stepped out, Warren saw numerous
small white packets lying in plain view between the passenger door and the passenger
seat. As Warren handcuffed appellant, he asked appellant what was in the packets. 
Warren testified that appellant replied, “Boss, I didn’t make any furtive movements. 
You can’t put that on me because I didn’t make any furtive movements. . . . That’s
not mine.” 
           Warren believed the baggies contained cocaine. Therefore, he collected the
11 baggies, and field tested the contents; the result was positive for cocaine. Warren
placed appellant in the back of his patrol car while Barrett was placed in another
patrol car. Barrett then adamantly told Deputy Warren that the cocaine was not his. 
Warren called a “hot spot unit” that specializes in drug interdiction. Deputy Shawn
Woelk, with the Harris County Sheriff’s Office Hot Spot Narcotics Enforcement
Team, arrived at the scene and took over the investigation. Woelk asked Barrett
where he lived, and Barrett stated that he and appellant were living at a Motel 6. 
Barrett gave Woelk a key and consent to search his motel room. Upon searching the
motel room, deputies discovered a black duffle bag that contained a black digital
scale and some small, empty baggies. Woelk found $246 in small bills on appellant’s
person as he was being booked into the County jail. 
          Carol Ann Declouette, a forensic chemist with the Harris County Medical
Examiner’s Office, determined that the white substance found in the 11 baggies
totaled 3.61 grams of cocaine. Sufficiency of the Evidence
          In his first point of error, appellant argues that the evidence was legally
insufficient to prove he knowingly or intentionally possessed the 11 baggies of
cocaine.
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943
S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). As the exclusive
judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness’s testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (“A jury is entitled
to accept one version of the facts and reject another or reject any of a witness’s
testimony.”). 
          To establish unlawful possession of cocaine, the evidence must be sufficient
to show the accused knowingly exercised care, control, or management over the
controlled substance, was conscious of his connection with it, and knew what it was.
Brown v. State, 911S.W.2d 744, 747 (Tex. Crim. App. 1995). Evidence which
affirmatively links the accused to the controlled substance suffices for proof that he
possessed it knowingly. Id. The evidence used to satisfy these elements can be direct
or circumstantial. Id. Factors which may establish knowing or intentional possession
include whether: (1) the contraband was in plain view; (2) the contraband was
conveniently accessible to the accused; (3) the accused was the owner of the place
where the contraband was found; (4) the accused was the driver of the automobile in
which the contraband was found; (5) the contraband was found on the same side of
the car seat as the accused was sitting; (6) the place where the contraband was found
was enclosed; (7) the odor of contraband was present; (8) paraphernalia to use the
contraband was in view of or found on the accused; (9) conduct by the accused
indicated a consciousness of guilt; (10) the accused had a special connection to the
contraband; (11) occupants of the automobile gave conflicting statements about
relevant matters; (12) the physical condition of the accused indicated recent
consumption of the contraband found in the car; and (13) affirmative statements
connect the accused to the contraband. Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d). 
          Here, Deputy Warren testified that when appellant stepped out of the car, the
cocaine was in plain view, conveniently accessible to appellant, and located between
the car’s passenger door and the passenger seat where appellant had been sitting. 
Warren also testified that appellant’s conduct indicated guilt, in that he observed
appellant removing items from his jacket and pants pockets and then making furtive
movements toward the vehicle floorboard and seat corner. Warren observed that
Barrett had both hands on the steering wheel and never leaned toward the passenger
seat. Additionally, appellant demonstrated knowledge of the cocaine when he stated,
“Boss, I didn’t make any furtive movements. You can’t put that on me because I
didn’t make any furtive movements. . . . That’s not mine.”
          There was conflicting testimony regarding ownership of the cocaine. Barrett
testified at appellant’s trial that the cocaine was his and that he had told several of the
deputies that it was his at the time of the arrest. However, Deputy Warren testified
that Barrett adamantly denied ownership of the cocaine at the time of the arrest, that
he was not found in possession of any controlled substances; and that the first time
he, Deputy Warren, heard of Barrett’s claim of ownership was during appellant’s trial. 
Deputy Woelk also testified that Barrett did not claim ownership of the cocaine on
the night of the arrest.
          The jury is exclusive judge of the facts proved, the credibility of the witnesses,
and the weight to be given their testimony, and may believe or disbelieve all or any
part of a witness’s testimony. Penagraph, 623 S.W.2d at 343. The evidence was
legally sufficient to support the jury’s finding of guilt. We overrule point of error
one. Ineffective Assistance of Counsel
          In his second point of error, appellant argues that his trial attorney rendered
ineffective assistance of counsel by failing to object to (1) Deputy Warren’s testimony
regarding statements made by appellant, and (2) hearsay testimony regarding
statements made by Barrett.
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Howland v.
State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d
274 (Tex. Crim. App. 1999). Second, appellant must establish that counsel’s
performance was so prejudicial that it deprived him of a fair trial. Howland, 966
S.W.2d at 104. Thus, appellant must show that a reasonable probability exists that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). We cannot speculate beyond the record provided. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must overcome the presumption
that trial counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690; 104 S. Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). No motion for new trial was filed. The
record is silent as to what appellant’s counsel’s trial strategy was. To find that trial
counsel was ineffective based on either of the asserted grounds would call for
speculation, which we will not do. Gamble, 916 S.W.2d at 93.
          We overrule appellant’s second point of error.

Conclusion
          We affirm the trial court’s judgment.
 
                                                             Lee Duggan, Jr.
                                                             Justice
 
Panel consists of Justices Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.