Opinion issued September 25, 2003 
 






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01184-CR




EDWARD DAROME BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 871598




MEMORANDUM OPINION

          Appellant, Edward Darome Brown, was charged by indictment with the felony
offense of possession of a controlled substance, namely cocaine. After entering a plea
of not guilty, the jury found appellant guilty of possession of a controlled substance. 
 
 
Appellant pled true to two enhancement paragraphs, and the trial court assessed
punishment at 50 years’ imprisonment. 
          In his sole point of error, appellant asserts that he was denied effective
assistance of counsel. 
          We affirm. 
Analysis
          In his sole point of error, appellant claims that his trial counsel rendered
ineffective assistance of counsel by failing to object to hearsay. 
          To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). Strickland has been adopted as the applicable standard under
the Texas Constitution. See Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000) (citing Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986)). 
          First, appellant must demonstrate that counsel’s representation fell below an
objective standard of reasonableness under prevailing professional norms. Strickland,
466 U.S. at 688, 104 S. Ct. at 2064; Howland v. State, 966 S.W.2d 98, 104 (Tex.
App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). 
Second, appellant must establish that counsel’s performance was so prejudicial that
it deprived him of a fair trial. Howland, 966 S.W.2d at 104. Thus, appellant must
show that a reasonable probability exists that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different. Strickland, 466 U.S. at 694,
104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Hernandez, 726
S.W.2d at 55. Appellant has the burden to establish both of these prongs by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998); Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.]
1992, pet. ref’d). We cannot speculate beyond the record provided. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93
(Tex. App.—Houston [1st Dist.] 1996, no pet.). Appellant must overcome the
presumption that trial counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690; 104 S. Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so 
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
          No motion for new trial was filed. The record is silent as to what trial
counsel’s trial strategy was. To find that trial counsel was ineffective based on
appellant’s asserted argument would call for us to speculate, which we will not do.
Gamble, 916 S.W.2d at 93. 
          We overrule appellant’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             Laura C. Higley 
                                                             Justice


Panel consists of Justices Hedges, Nuchia, and Higley. 
Do not publish. Tex. R. App. P. 47.2(b).