Opinion issued October 23, 2003










     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00492-CR
          01-02-00493-CR




CHRISTOPHER CURTIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause Nos. 893021 and 893022




MEMORANDUM OPINION
          A jury convicted appellant, Christopher Curtis, of murder and aggravated
assault, assessing punishment at 70 years’ confinement in the murder case and 30
years’ confinement in the aggravated assault case. The jury also imposed a $5,000
fine for each offense. On appeal, appellant contends (1) he received ineffective
assistance of counsel; (2) the trial court erred in failing to give the jury proper burden
of proof and limiting instructions concerning extraneous offense evidence; and (3)
the trial court erred in admitting hearsay evidence. 
          We affirm.
FACTS
Appellant conceived a plan to kill Sheldon Vanderpool, a rival drug dealer. To
this end, appellant solicited the help of Christopher Adams, offering to forgive a drug
debt Adams owed appellant if Adams killed Vanderpool. Adams acquiesced. 
Appellant therefore provided Adams with a Tech 9 semi-automatic assault pistol and
ammunition with which to kill Vanderpool. 
          On October 30, 2001, Vanderpool and several other people were in room 101
of the Dollar Inn in Houston, Texas. Knowing Vanderpool would be in the room,
Adams went to the Dollar Inn, kicked in the door of room 101, and opened fire with
the Tech 9 assault pistol. Vanderpool and another of the room’s occupants, Elija
White, suffered gunshot wounds. White died of his wounds.INEFFECTIVE ASSISTANCE OF COUNSEL
          In his first point of error, appellant asserts that his trial counsel rendered
ineffective assistance of counsel by (1) failing to object to extraneous act evidence
under Texas Rule of Evidence 404(b),


 (2) failing to object to extraneous act evidence
under Texas Rule of Evidence 403,


 (3) failing to request burden of proof and limiting
instructions concerning extraneous act evidence, (4) failing to have a command of the
law, (5) failing to object to hearsay, (6) failing to object to evidence which violated
appellant’s right to confront and cross-examine witnesses, (7) failing to object to non-responsive answers, and (8) failing to object to improper voir dire.
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687 (1984). First, the defendant must demonstrate that trial counsel’s representation
fell below an objective standard of reasonableness under prevailing professional
norms. Strickland, 466 U.S. at 688; Howland v. State, 966 S.W.2d 98, 104 (Tex.
App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). 
Second, a defendant must establish that trial counsel’s performance was so prejudicial
that it deprived him of a fair trial. Howland, 966 S.W.2d at 104. A defendant has the
burden to establish both of these prongs by a preponderance of the evidence. Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998); Davis v. State, 830 S.W.2d
762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). 
          It is presumed that trial counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Gamble, 916 S.W.2d at 93. Therefore, any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson, 9 S.W.3d at 813.
          Appellant does not identify acts or omissions that were so obviously lacking
in professional judgement that we need not inquire as to their motivation or strategic
significance. See Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 
Because the record on direct appeal leaves us with little evidence concerning trial
counsel’s trial strategy,


 we do not know what motivated counsel’s conduct. We will
not speculate as to what trial counsel’s trial strategy was. Jackson, 877 S.W.2d at
771; Gamble, 916 S.W.2d at 93. Because of the lack of evidence in the record
indicating trial counsel’s trial strategy, we cannot find trial counsel’s performance
was deficient.
          Appellant’s first point of error is overruled.
EXTRANEOUS ACT EVIDENCE
In his second point of error, appellant asserts that the trial court erred in failing
to instruct the jury that it was required to limit its consideration of extraneous acts to
the limited purpose for which those acts were admitted. Similarly, appellant asserts
that the trial court erred by failing to instruct the jury that an extraneous act could not
to be considered unless it found beyond a reasonable doubt that appellant was the
person who committed the act.
          Where evidence is admissible for a limited purpose and the trial court admits
it without limitation, the party opposing the evidence has the burden of requesting a
limiting instruction. Tex. R. Evid. 105(a); Hammock v. State, 46 S.W.3d 889, 893
(Tex. Crim. App. 2001). It is also incumbent upon a party to request an instruction
that the jury is not to consider extraneous acts unless it believes beyond a reasonable
doubt that the defendant committed the extraneous acts. George v. State, 890 S.W.2d
73, 76 (Tex. Crim. App. 1994).  In the instant case, appellant requested neither
instruction. We conclude that the trial court did not err in failing to sua sponte give
the complained-of instructions.
          Appellant’s second point of error is overruled.
HEARSAY EVIDENCE
          In his third point of error, appellant asserts that the trial court erred in admitting
hearsay evidence. Specifically, appellant claims that (1) the trial court committed
fundamental error by allowing too much hearsay evidence to be introduced and (2)
the trial court committed reversible error by overruling appellant’s objections to
hearsay testimony.
A.      Fundamental Error
          Regarding his fundamental error claim, appellant argues the following:
Furthermore, the trial court’s failure to stop the flood of hearsay in this
case rose to the level of fundamental error. At some point, when enough
inadmissable hearsay is introduced into evidence without objection, the
trial court’s failure to put a stop to it rises to the level of plain or
fundamental error for purposes of Tex. R. Evid. 103(d). At some point,
the trial court has a duty to intervene to ensure that a defendant has a fair
trial. The instant case was such a case.

This is the extent of appellant’s argument. Appellant provides no substantive analysis
or authority for his argument. Appellant’s brief is not sufficiently developed because
it provides no argument or authority to show why the actions of the trial court were
erroneous. Tex. R. Evid. 38.1(h); Foster v. State, 101 S.W.3d 490, 499 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). We hold this argument is inadequately
briefed, and, as such, is waived. Foster, 101 S.W.3d at 499. 
B.      Improperly Overruled Hearsay Objections
          Appellant argues that “on the rare occasions when trial counsel made a proper
hearsay objection, the trial court’s ruling was wrong.” Further, appellant asserts that
the court’s erroneous rulings on the hearsay objections had a detrimental and
injurious effect on appellant’s substantial rights.
          Hearsay is a statement, other than one made by the declarant while testifying
at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex.
R. Evid. 801(d). In order for hearsay to be admissible it must fit into an exception
provided by a statute or the Rules of Evidence. Tex. R. Evid. 802.
          To complain on appeal that the trial court improperly admitted hearsay
testimony, an appellant must show that a timely specific objection was made on the
trial level. Tex. R. App. P. 33.1(a); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim.
App. 1991). Moreover, when hearsay is erroneously admitted over an objection, the
error is harmless where the same evidence is admitted elsewhere in the record without
objection. Livingston v. State, 739 S.W.2d 311, 333 (Tex. Crim. App. 1987).
          Appellant gives a number of specific examples of testimony that he claims
constitutes hearsay. However, as to testimony allowed into evidence over an
objection to hearsay, appellant only directs our attention to the following:
[Prosecutor]:Were you able to ascertain as to whether or not the
[appellant] and the person you were interviewing,
Christopher Adams, a.k.a. C Murder, were friends?
 
[Chisholm


]:Yes.
 
[Prosecutor]:Where had they been hanging out?
 
[Chisholm]:They had been hanging out at the Dollar Inn.
 
[Trial Counsel]:Objection, Your Honor, he’s referring to hearsay.
 
[Trial Court]:All right. That’s overruled as to that question.
 
          . . . .  
 
          [Prosecutor]:          Were you able to ascertain in the course of your
investigation as to whether or not [appellant] was resentful
of this person you identified in the interview as
[Vanderpool]?
 
[Trial Counsel]:Objection, Your Honor. Calls for speculation and
it’s also asking for—soliciting hearsay.
 
[Trial Court]:That’s sustained.
 
[Prosecutor]:Were you able to verify that a feud existed between
somebody you came to know as [Appellant] and
somebody you came to know as [Vanderpool]?
 
[Trial Counsel]:Same objection, Your Honor.
[Trial Court]:That’s overruled.
 
          [Chisholm]:           Yes, I was.

          Although Officer Chisholm’s testimony was arguably hearsay, we find that the
same information was introduced into the record later in the trial without objection. 
Arleda Liggins, a witness for the State who knew Adams and was with Adams on the
night of the murder, testified that appellant and Adams were friends and were often
found at the Dollar Inn. Similarly, Terrance Lindsey, a frequent resident of the Dollar
Inn who purchased drugs from appellant, testified that appellant and Vanderpool were
“at war.” 
          We find that any error in admitting Officer Chisholm’s hearsay testimony was
cured when the same evidence was introduced without objection elsewhere in the
trial.
          Appellant’s third point of error is overruled.
CONCLUSION
          We affirm the judgments of the trial court.


                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).