Opinion issued March 13, 2003






 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01200-CR




JAMARCUS TYRONE POPE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 859248




MEMORANDUM OPINION

          Appellant, Jamarcus Tyrone Pope, was charged by indictment with the felony
offense of aggravated robbery. Appellant initially entered a plea of not guilty and
proceeded to trial. During the State’s case in chief, appellant withdrew his plea of not
guilty and entered a guilty plea without an agreed recommendation of punishment. 
The trial court assessed punishment at 20 years’ imprisonment.
          We address (1) whether appellant was deprived of effective assistance of
counsel, and (2) whether appellant’s plea was voluntary. We affirm.
Background
          On Saturday, October 14, 2000, at approximately noon, Dr. Barry Wood, the
complainant, was robbed at knife-point in a health food parking lot. After getting
into his Lexus and putting the keys in the ignition, Wood reached to close the car
door. Appellant was standing in the door, holding a six- to seven-inch folding knife
near Wood’s left side. Appellant told Wood to do as he was told and instructed Wood
to open his billfold and give appellant all of his money. Wood complied and was told
by appellant to leave the keys in the car and get out. After getting out of the car,
Wood observed another man standing near the rear bumper of the Lexus. The other
man walked up to Wood, grabbed the wallet out of Wood’s hand, and told Wood to
start walking toward the store. While walking away, Wood observed appellant drive
away in his Lexus, and the second man follow in an Acura. Wood memorized the
license plate number of the Acura, walked home, and called the police. Houston
Police Officer T. Villareal responded to the call and took down Wood’s information. 
Villareal discovered that the Acura had been previously stolen in another aggravated
robbery. 
          The next morning, October 15, 2000, Houston Police Officer Joseph Rothman,
observed a traffic violation committed by the driver of a Lexus. Rothman ran a
license plate check as he followed the Lexus. The result indicated that the vehicle
had been stolen in an aggravated robbery. Rothman continued to follow the vehicle
as he waited for back up. After back up arrived and Rothman turned on his lights and
siren, the vehicle sped up. All three occupants then jumped from the car while it was
still moving and took off running. Only the backseat passenger, Billy Ray Williams,
was caught. That afternoon, Woods viewed a videotaped police lineup that included
Williams, but did not include appellant. Woods did not recognize anyone in the
lineup as being the person who had robbed him.
          On October 22, 2000, at approximately 1:53 a.m., while running routine license
plate checks on vehicles in a parking lot, Officers Benavides and Kahn discovered the
stolen Acura that Woods had observed on the day he was robbed. While waiting for
a wrecker to arrive, the officers saw appellant get in the vehicle. Appellant was
arrested, placed in a lineup, and identified by Woods as the person who had robbed
him. School books and homework containing appellant’s name were also recovered
from the Acura. Officer Rothman also identified appellant as the person he saw
driving the Lexus on October 15, 2000. 
Ineffective Assistance of Counsel
          In two points of error, appellant claims that his trial counsel rendered
ineffective assistance under the state and federal constitutions. Appellant asserts that
his trial counsel was deficient in (1) failing to spell out the specifics of the plea
bargain and detailing what appellant had to do to receive a maximum of 10 years’
imprisonment, (2) failing to put facts in the record during sentencing regarding
appellant’s cooperation with the police, and (3) failing to object to the prosecutor’s
argument about parole and its effect on the potential sentence. To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). Strickland has been adopted as the applicable standard under
the Texas Constitution. See Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000) (citing Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986)). Therefore,
we review appellant’s first two points of error together. 
          First, appellant must demonstrate that counsel’s representation fell below an
objective standard of reasonableness under prevailing professional norms. Strickland,
466 U.S. at 688, 104 S. Ct. at 2064; Howland v. State, 966 S.W.2d 98, 104 (Tex.
App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999). 
Second, appellant must establish that counsel’s performance was so prejudicial that
it deprived him of a fair trial. Howland, 966 S.W.2d at 104. Thus, appellant must
show that a reasonable probability exists that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different. Strickland, 466 U.S. at 694,
104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. Appellant has the burden to
establish both of these prongs by a preponderance of the evidence. Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998); Davis v. State, 830 S.W.2d 762, 765
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Appellant must overcome the presumption that trial counsel’s strategy was sound. 
Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690; 104 S. Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the
presumption that counsel’s conduct was reasonable and professional. Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
          Appellant complains that trial counsel was deficient in failing to advise him of
the details and requirements of the plea bargain agreement, and in failing to object to
the prosecutor’s argument about parole and its effect on the potential sentence. No
motion for new trial was filed. The record is silent as to what appellant’s counsel’s
trial strategy was, as well as any discussions or counseling with appellant regarding
the details of the plea bargain. However, the record does reflect details of the
agreement with the State and that appellant was fully advised by the court, in the
presence of his attorney, of the requirements of the agreement. After appellant
changed his plea to guilty, the trial court admonished and questioned appellant
regarding the plea. The following are the pertinent sections of the record reflecting
discussions regarding the agreement:
The Court: The full range of punishment for aggravated robbery is from
five to 99 years or life and a possible fine not to exceed $10,000. This
is without an agreement except that both the State and the Defense agree
that the defendant shall not be sentenced to less than ten years in prison. 
Is that your understanding?
 
Mr. Pope: Yes, ma’am.

          . . . .
 
The Court: . . . It is my understanding from the State and the Defense
that there is some cooperation that is being discussed with you and the
Police Department; is that correct?

          Mr. Pope: Yes, ma’am.
 
The Court: Those matters will be taken into consideration at punishment
on the sentencing. Do you understand that?
 
          Mr. Pope: Yes, ma’am.

          The Court: Do you have any questions of me?

          Mr. Pope: No, ma’am.

          . . . .
 
Ms. Escobedo: Our agreement at this time is that we’ll be setting the
case for sentencing. The defendant and apparently some of his friends
are going to be cooperating with Sgt. Defee with the City of Houston
Police Department Robbery Division.
 
The defendant, through his attorney, advises that he has some
information as to who the co-defendants were with them in each of the
robberies as well as who some other people are out there committing
these types of violent aggravated robberies. The defendant is supposed
to turn over information to the Houston Police Department. If that
information turns out to be credible and reliable and useful to the Police
Department, then the agreement would be that this defendant receive ten
years in prison on this aggravated sentence. I would dismiss the
pending robbery case.
 
If the defendant does not give information that is usable to the
Houston Police Department, then his punishment will be open to the
Court. Sgt. Defee will determine the level of cooperation and Judge
Collins, based on what Sgt. Defee has to say, will sentence the
defendant. I’m going to be asking for more than ten years in prison if
the information the defendant gives is not helpful and does not lead to
anything.

Clearly, appellant was advised in open court as to the details and requirements of the
agreement. However, there is nothing on the record detailing conversations between
appellant and his trial counsel, or trial counsel’s trial strategy regarding objections. 
To find that trial counsel was ineffective based on either of the asserted grounds
would call for us to speculate, which we will not do. Gamble, 916 S.W.2d at 93.
          Appellant also claims that his trial counsel was deficient in failing to put facts
in the record during sentencing regarding appellant’s cooperation with the police. 
Appellant changed his plea to guilty on September 20, 2001. Sentencing was held on
November 15, 2001. Because a court reporter was waived, there is no record for the
sentencing phase. Any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          Because appellant’s claim for ineffective assistance of counsel is not
demonstrated in the record, we hold that he has not met his burden of proving that his
trial counsel was ineffective.
          We overrule appellant’s first two points of error.

Validity of Guilty Plea
          In his third point of error, appellant argues that his plea was not knowingly and
voluntarily made because the plea bargain was vague. 
          The trial court cannot accept a guilty plea unless the court determines that the
plea is freely and voluntarily given. Burke v. State, 80 S.W.3d 82, 93 (Tex.
App.—Fort Worth 2002, no pet.). Due process requires that each defendant who
pleads guilty do so with a full understanding of the charges against him and the
consequences of his plea. Id. A trial court’s admonishing a criminal defendant
pursuant to article 26.13 of the Texas Code of Criminal Procedure before accepting
the plea constitutes prima facie evidence that the plea was knowing and voluntary. 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2003); Martinez v. State,
981 S.W.2d 195, 197 (Tex. Crim. App. 1998). Accordingly, when the trial court
admonishes the defendant, the burden shifts to the defendant to prove that he did not
fully understand the consequences of his plea and that he suffered harm. Martinez,
981 S.W.2d at 197. In considering the voluntariness of a guilty plea, we examine the
record as a whole. Id.
          Appellant received both oral admonishments and written admonishments. 
Appellant indicated on the record that he understood the court’s detailed oral
admonishment. Appellant also signed a waiver of constitutional rights, agreement to
stipulate, and judicial confession, which included a stipulation of evidence that he
committed the offense with which he was charged. Appellant also signed and swore
to article 26.13 admonishments acknowledging that he understood the possible range
of punishment and that any punishment recommendation by the prosecuting attorney
was not binding on the trial court. In the “Statements and Waivers of Defendant”
section of these admonishments, appellant initialed the following statements: (1) he
was mentally competent and understood the nature of the charge against him, (2) he
understood the admonishments of the trial court, and (3) he understood the
consequences should the trial court accept or refuse to accept the plea bargain or plea
without an agreed recommendation. Because the sentencing portion of the trial was
not recorded, there is nothing in the record to determine the level of cooperation
provided by appellant to the police. Because appellant signed the plea of guilty and
the article 26.13 admonishments, and because nothing in the record indicates that
appellant’s plea was involuntary, appellant has failed to defeat the prima facie
showing of voluntariness.  
          We overrule appellant’s third point of error.

Conclusion
          We affirm the judgment of the trial court. 
                                                                                                                          
                                                        /s/  Laura C. Higley 
                                                             Justice

Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).