Opinion issued October 2, 2003 














In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00242-CR
                                                         01-02-00243-CR




CHRISTOPHER DWIGHT HUBERT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 884460, 884472




MEMORANDUM OPINION

          In a joint trial involving two indictments, a jury found Christopher Dwight
Hubert, appellant, guilty of aggravated robbery and assessed punishment at 22 years’
confinement in each cause. This appeal derives from those two convictions (trial
cause numbers 884460 and 884472, and appellate cause numbers 01-02-00242-CR
and 01-02-00243-CR, respectively). Because both appeals raise substantially the
same issues, we address them together on appeal.
          With regard to both cause numbers, appellant contends that (1) the evidence
was factually insufficient to support conviction, and (2) he was denied effective
assistance of counsel. 
          We affirm both judgments.
Background
          On July 17, 2001, at approximately 3:15 a.m., Henry Allen


 stopped at a
convenience store at the corner of Telephone Road and Almeda-Genoa. As Allen
walked towards the store, appellant and another individual pulled up next to Allen’s
red Geo Prism in a dark colored vehicle. Appellant approached Allen and pointed a
gun at him. Appellant ordered Allen to give appellant the money Allen held in his
hand as well as Allen’s gold-chain necklace. Allen placed the money and necklace
on the ground and backed away. Appellant then grabbed the money and necklace and
drove off in Allen’s red Geo Prism. Appellant’s passenger drove off in the other car. 
           On July 17, 2001, at approximately 4:15 a.m., Jack Clark


 had automobile
trouble on Highway 146 in Baytown while on his way to work. Clark pulled his truck
over into the emergency lane of the highway and waited for assistance. At
approximately 5:30 a.m., a red, four-door Geo sports car parked in front of Clark’s
disabled truck and a black male, whom Clark identified as appellant, asked whether
Clark needed assistance. Clark told appellant that assistance was on the way and he
did not need help. Appellant returned to the passenger side of the red sports car,
reached in, and pulled out a semi-automatic pistol. Appellant then walked back to
Clark, pointed the pistol at him, pushed him, poked the gun in his ribs, and demanded
money. Clark told appellant that he did not have any money. Appellant then took a
backpack from Clark’s truck and left in the red sports car. The backpack taken by
appellant contained $560.00 in cash, credit cards, a day planner, and a .9 millimeter
Baretta gun. Shortly thereafter, Clark flagged down a police officer and gave him the
license plate number of the red sports car. As Clark spoke to the officer, the officer
learned that the car had been set on fire one or two exits down from where Clark’s
truck had stopped. Clark was unable to retrieve any of his property from the burned
car.
          Both Allen and Clark identified appellant from a photo spread as the gunman
who robbed them.
          Testimony was also presented at trial on several extraneous offenses in which
appellant was identified as the perpetrator. In one of these offenses, which also
occurred on July 17, 2001, at approximately 4:40 a.m., Haywood George


 was
stopped at a service station when a small, two-door red sports car pulled in front of
his car. A male, whom George identified as appellant, exited the car, holding a gun,
and demanded all of George’s money. George testified that he saw a female in the
driver’s side of the red car and what appeared to be a small child in the back seat. Sufficiency of the Evidence
          In appellant’s first point of error in each cause, he contends that the evidence
was factually insufficient to support the conviction for aggravated robbery. 
          In a factual-sufficiency review, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We
must avoid substituting our judgment for that of the factfinder. King, 29 S.W.3d at
563. The factfinder is the sole judge of the weight and credibility of witness
testimony. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In our review,
we must consider the most important evidence that the appellant claims undermines
the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Appellant contends that the evidence is factually insufficient to establish his
identity as the person who committed the aggravated robbery in both causes. 
Specifically, appellant contends that the evidence suggests otherwise, based on
evidence presented with respect to the persons involved in the robberies, the manner
of approach and commission of the offenses, the weapon used, and the physical
description of the perpetrator.
          First, appellant asserts that the testimony offered at trial indicates that, although
the robberies in these two appeals and the extraneous offense involving George
occurred within about a two-hour time span, the number and description of the
perpetrator’s passengers or accomplices were different in each of the three robberies. 
In support of this assertion, appellant points to the following testimony: (1) Allen
testified that there were two male participants during his robbery; (2) George testified
that he observed a woman and a child in the car during his robbery; and (3) Clark
testified that he observed one passenger in appellant’s vehicle. Appellant contends
that the identity of appellant as the perpetrator is therefore weak and greatly
outweighed by evidence suggesting that multiple persons were involved in the
commission of these offenses. 
          Second, appellant contends that, in each case, the perpetrator had a different
manner of approach and commission of the robbery. Appellant argues that because
each robbery was different, they could not have all been committed by him. In
support of this argument, appellant points to Allen’s testimony that the perpetrator
held the gun at head level in view of the Conoco clerk and demanded the money from
Allen. Appellant attempts to distinguish the above approach from that in the George
robbery, wherein the perpetrator never pointed the gun at George, held the gun close
to the car out of view, first took the money in George’s hand and then asked for the
money in his pocket and his wallet. Similarly, appellant attempts to distinguish the
approach in the above robberies from that used in the Clark robbery. Clark was
robbed as he stood next to his broken truck on the highway. The perpetrator first
asked Clark if he needed help, then went back to his car, pulled out a gun, walked
back and pointed the gun at Clark, pushing him and demanding money. The
perpetrator in the Clark robbery also used vulgar language. 
          Third, appellant contends that the evidence at trial indicated that a different
weapon was used in each robbery. Appellant cites to portions of the record where 
(1) Allen testified that the perpetrator carried a black, long-barrel gun with a brown
handle; (2) George testified that the perpetrator used a large greenish-colored gun;
and (3) Clark testified that the perpetrator used a semiautomatic pistol during his
robbery. Appellant also cites to testimony given by Officer Sherrouse stating that the
descriptions of the weapons used in the robberies did not all include the same type of
weapon.
          Fourth, appellant contends that the evidence at trial indicated discrepancies in
the description of the perpetrator by the victims. Allen described the perpetrator as
being a black male, between 5'9" and 5'10" and testified that he was not sure whether
the man had any facial hair. George described the perpetrator as having worn a small
brown cap, but he could not recall if the perpetrator had any gold teeth. Clark
testified that the perpetrator was somewhere around 6' to 6'2" tall, that he did not have
facial hair, and that he did have some gold teeth.
          Although there was some discrepancies in the victims’ testimony, all three
witnesses made positive identifications of appellant as the gunman either from a
photo spread or lineup. Also, all three victims subsequently made in-court
identifications of appellant at trial. Moreover, the State presented the following
evidence: (1) the three robberies occurred within two hours of one another in the
same general area; (2) in the first robbery, the perpetrator stole Allen’s red sports car;
(3) the following two involved a red sports car; and (4) Clark, the victim in the third
robbery, reported a license plate number matching that of Allen’s car. 
          After reviewing all of the testimony, we cannot say that proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination or so greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
See Zuliani, 97 S.W.3d at 593-94; King, 29 S.W.3d at 563.
          We overrule appellant’s first point of error in each cause. 
Ineffective Assistance of Counsel
          In his second point of error in each cause, appellant argues that his trial
attorney rendered ineffective assistance of counsel by failing to (1) object to the
admission of evidence of extraneous offenses, (2) intelligently advise appellant
regarding appellant’s punishment election, (3) request notice of the State’s intent to
introduce extraneous offense evidence in its case-in-chief, and (4) object to the
State’s failure to file notice of consolidation and joinder of trial cause numbers
884460 and 884472.
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). First, appellant must demonstrate that counsel’s
representation fell below an objective standard of reasonableness under prevailing
professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Howland v.
State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 990 S.W.2d
274 (Tex. Crim. App. 1999). Second, appellant must establish that trial counsel’s
performance was so prejudicial that it deprived him of a fair trial. Howland, 966
S.W.2d at 104. Thus, appellant must show that a reasonable probability exists that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at
104. Appellant has the burden to establish both of these prongs by a preponderance
of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998);
Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston [1st Dist.] 1992, pet.
ref’d). We cannot speculate beyond the record provided. Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994); Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). Appellant must overcome the presumption
that trial counsel’s strategy was sound. Gamble, 916 S.W.2d at 93.
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). No motion for new trial was filed in either
cause. The record is silent as to what appellant’s counsel’s trial strategy was. To find
that trial counsel was ineffective based on any of the asserted grounds would call for
speculation, which we will not do. Gamble, 916 S.W.2d at 93.
          Appellant’s second point of error is overruled in each cause. Conclusion
          We affirm the judgments of the trial court.
 
                                                                        Laura C. Higley 
                                                                        Justice

Panel consists of Justices Hedges, Nuchia, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).