Opinion issued February 5, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00853-CR




JARVEST ADOLPH CLAYTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 900895




MEMORANDUM OPINION

          A jury found appellant, Jarvest Adolph Clayton, guilty of aggravated robbery,
found the enhancement allegation in the indictment true, and assessed punishment at
confinement for 60 years. The jury also imposed a $92 fine. On appeal, appellant
contends that (1) the evidence was factually insufficient to support his conviction; (2)
the trial court erred in admitting an in-court identification of appellant; and (3)
appellant received ineffective assistance of counsel.
          We affirm.
Facts & Procedural History
          Francine Westfall, complainant, testified that on January 6, 2002, at around
5:00 a.m., appellant entered the Diamond Shamrock convenience store at which
complainant was working as a night clerk. Appellant approached the front counter
and asked for a can of Skoal. While complainant rang-up the purchase on the cash
register, appellant pulled a handgun from his pocket, pointed the gun at complainant,
and demanded the money in the register. Fearing for her safety, complainant
acquiesced. The register contained $27. The store’s surveillance cameras captured
the robbery on videotape. 
          During trial, the State introduced a video of the robbery as well as two still
frames from the video that showed appellant’s face as he robbed complainant. The
State also presented the testimony of Houston Police Sergeant R. Wilkinson who
testified that on January 29, 2002, he showed complainant a photo-spread containing
a photograph of appellant and five similar looking individuals. Sergeant Wilkinson
testified that complainant identified appellant’s photograph as being that of the
robber. Complainant again identified appellant as the robber when she testified at
trial. 
          During the punishment phase of trial, the State presented the testimony of
Mariticia Ediale. Ms. Ediale testified that on February 19, 2001, appellant robbed her
as she worked as a cashier at the same Diamond Shamrock at which complainant was
robbed. 
          Sentencing occurred on August 6, 2002. On September 5, 2002, appellant filed
a motion for new trial claiming ineffective assistance of counsel. On October 18,
2002, appellant filed two affidavits in support of his motion for new trial.
Factual Sufficiency of the Evidence
          The only contested issue at trial was the identity of the robber. In his first point
of error, appellant contends that the evidence was factually insufficient to convict him
because the State failed to sufficiently prove that appellant was the man who robbed
complainant. Specifically, appellant asserts that (1) the jury failed to consider
evidence indicating that appellant had no motive to commit the robbery, (2) the jury
failed to consider alibi evidence, and (3) the eyewitness testimony of complainant was
unreliable. 
          During trial, evidence was presented regarding the reliability of complainant’s
eyewitness identification of appellant. However, no evidence was presented as to
appellant’s motive—or lack thereof. Nor was any evidence presented as to the alibi
appellant now claims on appeal. This court cannot consider in our factual sufficiency
analysis evidence that was not presented to the jury at trial. See Johnson v. State, 23
S.W.3d 1, 8 (Tex. Crim. App. 2000). Therefore, we limit our analysis to appellant’s
contention that the evidence was factually insufficient because complainant’s
eyewitness identification of appellant was unreliable.
          In a factual sufficiency review, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We
must avoid substituting our judgment for that of the factfinder. King, 29 S.W.3d at
563. The factfinder is the sole judge of the weight and credibility of witness
testimony. Johnson, 23 S.W.3d at 7. In our review, we must consider the most
important evidence that the appellant claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          Appellant contends that complainant’s eyewitness identifications of
appellant—both as to the photo-spread identification and the in-court
identification—were unreliable for the following reasons: 
(1) complainant was unfamiliar with the robber and frightened during
the robbery;
 
 
(2) complainant viewed the surveillance video shortly after the robbery,
allowing her a second chance to see the robber before both her photo-spread identification and in-court identification of appellant;
 
(3) complainant and Sergeant Wilkinson gave contradicting testimony
as to whether Wilkinson gave complainant the required warnings before
showing her the photo-spread;
 
(4) the photo-spread Sergeant Wilkinson showed complainant contained
pictures of appellant and five men resembling appellant, instead of five
men that resembled the description of the robber originally given by
complainant; and
 
(5) Officer Wilkinson gave complainant his own height and weight as
a reference to aid her in describing the robber.
          Although the above evidence may raise questions concerning the reliability of
complainant’s identification of the robber, a comparison of such evidence with the
evidence in favor of the State does not clearly reveal that appellant’s trial should have
resulted differently. First, in addition to complainant’s identifications, the State
introduced the surveillance video and two still frames from the video showing
appellant’s face as he committed the robbery. Second, complainant testified that she
was able to get a good look at appellant, as he stood only two feet away from her
during the robbery. Complainant further testified that she had no doubt that appellant
was the individual who robbed her. Third, complainant was again able to identify
appellant as the robber 23 days after the robbery when Sergeant Wilkinson showed
her the photo-spread. 
 
          Although complainant testified that she viewed the surveillance video shortly
after the robbery, the record does not indicate that the viewing influenced her later
identifications of appellant. Nor does the record indicate that Sergeant Wilkinson’s
reference to his own weight influenced complainant’s identifications of appellant. 
Furthermore, although complainant did not remember being given admonitions or
warnings before looking at the photo-spread, Sergeant Wilkinson testified as to the
specific admonitions he gave to complainant. It was within the exclusive province
of the jury to decide which of the two witnesses remembered correctly. See
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981);
McKinney v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no
pet.). 
          Because appellant has failed to show this Court evidence requiring us to do
otherwise, we defer to the jury’s determination concerning the reliability of
complainant’s eyewitness identifications. We hold that the proof of guilt introduced 
at trial was not so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred.
          We overrule appellant’s first point of error.
 
 
In-Court Identification of Appellant
          In his second point of error, appellant contends that the trial court erred in
admitting complainant’s in-court identification of appellant as the robber. 
Specifically, appellant asserts that the photo-spread Sergeant Wilkinson showed
complainant on January 29, 2002, was (1) tainted, (2) impermissively suggestive, and
(3) violated appellant’s constitutional rights. Therefore, appellant concludes that the
photo-spread tainted complainant’s in-court identification of appellant, making the
identification inadmissible.
          To complain of error on appeal, a defendant must make a specific, timely
objection during trial. Havard v. State, 800 S.W.2d 195, 211 (Tex. Crim. App. 1989).
To preserve error, the specific objection must be pressed to the point of obtaining an
adverse ruling, whether that is a ruling on the objection, a request for an instruction,
or a request for a mistrial. Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App.
1992). A defendant may not, on appeal, argue a reason for error that was not urged 
at trial. Havard, 800 S.W.2d at 211. Nor may a defendant use a trial objection stating
one legal basis to support a different legal theory on appeal. Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App. 1993). 
          In the instant case, appellant failed to make any objection when complainant
made her in-court identification. Similarly, when Sergeant Wilkinson testified that
complainant identified appellant’s picture from those on the photo-spread, appellant
raised no objection. The only objection appellant made in regards to the photo-spread
occurred when the State offered the actual photo-spread into evidence. At that time,
appellant objected to the photo-spread on the grounds of “improper predicate” and
“improper warnings.” These objections were not sufficient to preserve error on the 
legal theories appellant is now attempting to argue on appeal. We hold that appellant
has failed to preserve error as to his second point of error and has therefore waived
it.
          We overrule appellant’s second point of error.
Ineffective Assistance of Counsel
          In his third point of error, appellant contends that trial counsel rendered
ineffective assistance of counsel because (1) trial counsel prevented appellant from
presenting an alibi defense; (2) trial counsel failed to present any evidentiary or
character witnesses during the trial; (3) trial counsel failed to fully investigate the
case or prepare a defense; (4) trial counsel used the defense of misidentification and
that no gun was found without calling any witnesses; (5) trial counsel did not
properly object to the photo-spread identification or its admission at trial; (6) trial
counsel failed to communicate with appellant during the course of pre-trial settings,
and did not prepare him for trial testimony; and (7) trial counsel failed to make a
Batson challenge to the venire panel.
 
          To determine whether a defendant has been denied effective assistance of
counsel, we follow the standard set forth in Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984). First, the defendant must demonstrate that trial
counsel’s representation fell below an objective standard of reasonableness under
prevailing professional norms. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064;
Howland v. State, 966 S.W.2d 98, 104 (Tex. App.—Houston [1st Dist.] 1998), aff’d,
990 S.W.2d 274 (Tex. Crim. App. 1999). Second, a defendant must establish that
trial counsel’s performance was so prejudicial that it deprived him of a fair trial. 
Howland, 966 S.W.2d at 104. A defendant has the burden to establish both of these
prongs by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998); Davis v. State, 830 S.W.2d 762, 765 (Tex. App.—Houston
[1st Dist.] 1992, pet. ref’d). 
          It is presumed that trial counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the 
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
 
 
Gamble, 916 S.W.2d at 93. Therefore, any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness. Thompson, 9 S.W.3d at 813.
          Because no hearing was held on appellant’s motion for new trial, appellant’s
contention that trial counsel was ineffective rests solely on the trial record and those
factual allegations asserted in appellant’s motion for new trial.


 These sources are
silent as to trial counsel’s reasons for her conduct. They are similarly silent as to the
information to which trial counsel was privy prior to and during trial. To find trial
counsel ineffective on the basis of the record before this Court would call for
speculation. Gamble, 916 S.W.2d at 93. We will not speculate about the reasons
underlying defense counsel’s decisions. Id. Because of the lack of evidence in the
record indicating trial counsel’s trial strategy, we cannot find trial counsel’s
performance was deficient.
          We overrule appellant’s third point of error.
 
Conclusion
          We affirm the judgment of the trial court.
 


                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).